FILED
SUPERIOR COURT
OF GUAM

2025 JUN -9 PM 4: 56

CLERK OF COURT

BY:_____ JA_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| SUMMER PALACE SUBDIVISION HOMEOWNERS ASSOCIATION INC., <br><br> Plaintiff, <br><br> vs. <br><br> SEAN YI, <br><br> Defendant. | CIVIL CASE NO. CV0141-24 <br><br><br> **DECISION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |

This matter came before the Honorable Dana A. Gutierrez on January 14, 2025, for a Motion Hearing on Plaintiff Summer Palace Subdivision Homeowners Association Inc.'s ("the HOA's") Motion for Summary Judgment ("Motion"). Present via Zoom was Attorney Terrence Brooks on behalf of Plaintiff HOA and Defendant Sean Yi ("Yi"), *pro se.*

## BACKGROUND

On March 26, 2024, the HOA filed a Complaint to Foreclose Lien against Yi, alleging that Yi owned Unit T-24 in Summer Palace Subdivision ("Unit T-24"). The HOA claimed that it had levied certain charges and assessments in the amount of $6,966.12 for "unpaid Homeowners Association dues and assessments through January 11, 2024," $1,400.75 for "late fees on the overdue balance of unpaid Homeowners Association dues," $700.00 plus an additional $200 late fee for "2023 townhouse insurance assessment" and "common area fees of $225.00 per month" which continue to accrue, and interest of 1.5 percent per month on the unpaid balance due. Compl. 1-2.

A Notice of Lien ("Lien") was recorded against Unit T-24 for unpaid assessments on

December 15, 2023. *Id.*, Exhibit B. In its Complaint, the HOA prayed for judgment for the amounts owed, that the lien be foreclosed, and for reasonable attorneys' fees and costs of suit incurred. *Id.*

On July 30, 2024, the HOA filed an Application for Default. However, on August 1, 2024 Yi filed an Answer to Complaint so the Clerk of Court did not enter default. *See* Application for Default (July 30, 2024). At a status hearing on August 30, 2024, the HOA confirmed with the Court that it would not be moving forward with the default. Min. Entry at 9:51 a.m. (Aug. 30, 2024).

On August 23, 2024, the HOA filed its Motion, Declaration of Terrence M. Brooks (Brooks' August 23, 2024 Declaration) and Declaration of Joannie Cruz Quinata ("Quinata's Declaration"). In its Motion, the HOA claims all owners automatically become subject to the Declaration of Covenants, Easements, Conditions and Restrictions for the Summer Palace Subdivision ("CC&Rs") upon purchasing a unit, and Defendant "has failed to pay, and continues to fail to pay his common area fees and assessments" Mot. at 3. The HOA contends that, as the Defendant has not paid valid fees since at least October 2022 and continues to reside at the property, summary judgment is appropriate. *Id.* at 6.

On September 30, 2024, Yi filed his Opposition to Motion for Summary Judgment and Memorandum in Support of Opposition ("Opposition"), Declaration of Sean Yi ("Yi's Declaration") and Declaration of Bruce Ikea ("Ikea's Declaration"). In his Opposition, Yi states that he has refused to pay $1,500.00 plus interest in "in invalid fees" but that he "has always been willing to pay any common area fees and insurance that were/are due so long as the invalid fines were removed and the constant threats of a lien if these invalid fines were not paid, ceased." Opp. at 2.

Specifically, in Yi's Declaration, Yi details multiple incidents starting in 2021 that caused

2

escalating tensions between him and the HOA. First, the HOA questioned him about having an unregistered tenant and pets. Yi Decl. He clarifies that he was living at the unit with a roommate, not a leaseholder, and was told by the property manager that this arrangement did "not violate any SPHOA rules" *Id.,* Exhibits A–C. He supports his assertions with Ikea's Declaration.

Later, in August 2021, the HOA introduced its Split A/C Policy ("Policy"), which stated it applied "to any split A/C units that are planned to be installed moving forward," not retroactively. *Id.,* Exhibit D. Yi asserts that his A/C units had already been installed at the time the Policy was introduced, but the HOA revised the Policy to apply retroactively with a short compliance window, which Yi describes as "very unreasonable and punitive in nature." *Id.* Exhibit E. Yi also contests the HOA's failure to follow its own escalating fine schedule, noting that the fines levied were disproportionate. For instance, he notes that the pet-related fine was issued at the $500 level even though it should have been a "warning or at worst... $50.00." *Id.* at 4.

Finally, Yi also points to inconsistent and inaccurate accounting from the HOA. Opp. at 3. He notes fluctuating totals ranging from $7,336.31 in December 2023 to $13,107.96 in February 2024, alleging that the HOA "has shown an inability to accurately present the true amount due." *Id.* at 2.

On October 8, 2024, the HOA filed its Reply to Opposition to Motion for Summary Judgment ("Reply"). The HOA asserts that Yi has admitted to owing the monthly fees but "has paid nothing since October 2022." Reply at 1. The HOA defends the validity of their policies and asserts that the accounting discrepancies were addressed and irrelevant because "only one statement was relied upon for this case." *Id.* at 2.

The Court held a Motion Hearing on January 14, 2025. At the hearing, Attorney Brooks put on the record that the HOA would be willing to eliminate $1,500.00 in disputed penalties and

resulting interest fees. Min. Entry at 10:13 a.m. (Jan. 14, 2025). Yi requested that the HOA submit an accounting of the current fees that it alleges Yi owes, less the dismissed fees. *Id.* at 11:00 a.m. Yi also stated that he intends to continue to dispute attorneys' fees and interest charges. *Id.* at 10:49 a.m.

On January 21, 2025, the HOA submitted a Declaration of Terrence M. Brooks ("Brooks' January 21, 2025 Declaration") that included "updated spreadsheets and statements showing the amount due to the [HOA]."

Because Brooks' Declaration was submitted after the Motion hearing, the Court allowed Yi the opportunity to file a response to the updated amount claimed by the HOA. *See* Order Allowing Response (Feb. 13, 2025). However, Yi never filed any response. On March 12, 2025, the Court took the matter under advisement.

## DISCUSSION

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Guam R. Civ. P. ("GRCP") Rule 56(a). "A genuine issue of material fact exists when there is sufficient evidence to establish a factual dispute that must be resolved by a fact-finder." *Camacho v. Perez*, 2017 Guam 16 ¶ 12 (citing *Iizuka Corp. v. Kawasho Int'l (Guam), Inc.*, 1997 Guam 10 ¶ 7). "A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit . . . . Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *Gov't of Guam v. Gutierrez*, 2015 Guam 8 ¶ 26 (citing *Gayle v. Hemlani*, 2000 Guam 25 ¶ 20) (quotations omitted).

When reviewing a motion for summary judgment, "[the] court must draw inferences and view the evidence in a light most favorable to the non-moving party." *Id.* "A movant bears the

initial burden to show that undisputed facts in the record support a prima facie entitlement to the relief requested." *Hawaiian Rock Products Corp. v. Ocean Hous., Inc.*, 2016 Guam 4 ¶ 27. If the movant satisfies its burden, the burden shifts to the non-moving party to produce at least some significant probative evidence to support the pleadings. *Bank of Guam v. Flores*, 2005 Guam 25 ¶ 7. If, however, there are no genuine issues of material fact, the non-movant may not simply rely on allegations in the complaint but must provide some significant probative evidence supporting the complaint. *Gutierrez*, 2015 Guam 8 ¶ 26.

## 1.     There Are No Genuine Issues of Material Fact

The HOA states that Yi has owned Unit T-24 as his sole and separate property since October 18, 2018, and supports that fact by presenting the Warranty Deed signed by Yi as the grantee. Quinata's Decl. at 1 and Ex. 1. The HOA further attached a copy of the CC&Rs, which provide that each owner, by acceptance of a deed, must pay annual or monthly assessments or charges, special assessment for capital improvements, interest assessed by the HOA at one and one-half percent (1.5%) per month, reasonable attorneys' fees and collection costs, and "reasonable admission and other fees for the use of the common area properties." *Id.* at Ex. 6.

The HOA alleges that Yi has not paid any common area fees since March 1, 2022, and thus owes common area fees, late fees, and interest. *See id.* at Ex. 4. The HOA included a spreadsheet stating every fee due since September 1, 2021 including a payment that Yi made toward his balance of fees that he does not dispute. *See id.* Since the HOA has waived $1,500.00 in fees, the HOA has provided an updated accounting of fees alleged, which is less $1,500.00 and associated interest in the amount of $775.86. *See* Brooks' Decl. (Jan. 21, 2025). As of January 21, 2025, the common area fees, combined with its late fees and interest, amounts to $10,705.96. *Id.* Yi was given an opportunity to submit a response objecting to the updated accounting, but did not do so.

5

Although Yi disputes other fees that have been charged by the HOA, he has never disputed the common area fees, or the fact that he has been delinquent in common area fees since March 1, 2022. *See* Opp. ("Defendant has always been willing to pay any common area fees and insurance that were due so long as the invalid fines were removed . . . .") At the motion hearing, Yi again stated "I have always been willing to pay the monthly common area fees." Min. Entry at 10:24 a.m. (Jan. 14, 2025). The HOA has since removed the $1,500.00 in fines that Yi disputes.

The CC&R's allow the HOA to "bring an action at law against the member or former Member personally obligated to pay the same or to foreclose the lien against the property and there shall be added to the amount of such assessment, the costs of suit, interest on the assessment as above provided and reasonable attorney's fees." Quinata Decl., Ex. 7. Accordingly, the HOA has demonstrated that Yi is delinquent in his common area fees, which Yi does not dispute, and that it has the authority under the CC&Rs to foreclose the lien on his property.

Although Yi still contests that he is liable for the late fees and interest while waiting on a settlement offer, the disputed charges are not a "material fact," because even if the interest were waived, the HOA would still be entitled to relief based solely on Yi's failure to pay the underlying common area fees. *See Gov't of Guam v. Gutierrez*, 2015 Guam 8 ¶ 26 ("A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit."). Therefore, Yi is liable for late fees and interest.

Accordingly, the Court finds that there is no genuine dispute of material fact. For the reasons stated above, the HOA has demonstrated that they are entitled to judgment for the common area fees, late fees and interest. *Id.*

The HOA also demands "the town house insurance assessment for 2023 of $700 plus $200 late fee." Compl. at 3. Yi has not disputed his obligation to pay the townhouse insurance fees. Min.

Entry at 10:17 a.m. (Jan. 14, 2025). Therefore, the HOA is entitled to $900 for the town house insurance assessment plus late fee.

### 2.    Attorney's Fees and Costs of Action

The HOA also requests attorney's fees and costs of suit. Compl. at 3. Guam follows the "American Rule" governing attorney's fees. *Fleming v. Quigley,* 2003 Guam 4 ¶ 7. As such, "parties bear their own litigation expenses, including attorney's fees," unless an exception applies. *Id.* "The exceptions to the American rule include where attorney's fees are: (1) authorized by statute, (2) authorized by contract, or (3) allowed in judicially-established equitable circumstances." *Id.* Here, the CC&Rs provide for the recovery of reasonable attorney's fees and costs of suit in legal actions brought by the HOA involving non-payment of fees. Quinata Decl., Ex. 6.

The "starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). "Where the documentation of hours is inadequate, the [Court] may reduce the award accordingly." *Id.*

Here, Attorney Brooks did not provide a calculation or breakdown of either attorney's fees or the costs of suit in Brooks's January 21, 2025 Declaration. The only calculation of attorney's fees and costs of suit was in a Bill of Costs submitted on July 30, 2024.

The Bill of Costs calculated the following for costs of suit: "Filing Fee: $358.00; Process Server Fee: $50.00; Recording Fee Claim of Lien: $25.00; PTR (Preliminary Title Report): $100.00; Postage Charges $51.47," which totals to $584.47. Bill of Costs (July 30, 2024).

Under attorney's fees, there is only the statement of $5,640.00. *Id.* There is no hourly rate

or calculation of hours reasonably expended on the litigation. Therefore, the HOA did not submit adequate documentation to the Court to support their request for attorney's fees. Since the HOA is entitled to reasonable attorney's fees pursuant to the CC&R's, the Court will allow the HOA the opportunity to submit adequate documentation for the Court's review.

## CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** the HOA's Motion for Summary Judgment and grants the HOA's request for a lien in the amount of $10,705.96 for the unpaid balance of as of January 21, 2025; additional common area fees and interest on the unpaid balance at the rate of 1.5% per month from February 1, 2025 until the date of entry of Judgment; $700.00 for the insurance assessment and a $200.00 late fee; $584.47 for costs of suit; and reasonable attorney's fees in an amount to be determined by the Court. The Court also **GRANTS** the HOA's request that the lien be foreclosed and the property sold at a public auction for payment of the lien.

The Court further **ORDERS** that:

1.      Any amount sought to be awarded as attorney's fees be supported by affidavit or other admissible evidence and filed within 14 days of the issuance of this Decision and Order.

2.      Plaintiff shall submit a proposed Judgment within 21 days of the issuance of this Decision and Order.

**SO ORDERED:** this 9th day of June, 2025.

**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam

8